IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ELIJAH WOODS | § | |
| v. | § | CIVIL ACTION NO. 6:14cv528 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Elijah Woods, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Woods' petition complains of a disciplinary case he received for an alleged assault on January 23, 2014. He states that: the charge is false because he was engaging in "horseplay," not assaultive behavior; the charging officer failed to preserve evidence from the video camera; the disciplinary hearing officer had been a witness to the incident but presided over the hearing; and, the unit grievance investigator filed a report saying that she had reviewed camera evidence after telling Woods that she was unable to do so, and the only way she could have done this was if she had been part of the initial investigation.

As punishment for the incident, Woods received 45 days of recreation and commissary restrictions, a four-month suspension in contact visits, one day in solitary confinement, reduction in classification status, and the loss of 30 days of good time credits. He acknowledged that he was not eligible for release on mandatory supervision.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated that the central issue in the case was whether Woods had been deprived of a constitutionally protected liberty interest in light of the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). The punishments of commissary and cell restrictions, suspension of contact visits, one day in solitary confinement, and reduction in classification status did not impose atypical or significant hardships in relation to the ordinary incidents of prison life and thus did not implicate any liberty interests. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

The Magistrate Judge went on to state that under certain circumstances, the loss of good time could implicate a liberty interest, but this situation exists only where the prisoner is eligible for release on mandatory supervision. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Because Woods is not eligible for release on mandatory supervision, his good time serves only to accelerate eligibility for release on parole, in which no liberty interest exists. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); *see* Tex. Gov. Code Art. 498.003(a) (explaining purpose of good time credits). Thus, the loss of good time credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole, which is not protected by due process. Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993). Because Woods did not show that any of the punishments imposed on him implicated any constitutionally protected liberty interests, the Magistrate Judge determined that his claim for habeas corpus relief was without merit.

In his objections to the Magistrate Judge's Report, Woods asserts first that his rights under the Fourteenth Amendment were violated by the circumstances of which he complains, and says that the punishments which he received were "due to a direct violation of the disciplinary and grievance procedures." Woods concedes that the punishments imposed on him do not impose atypical or significant hardships in relation to the ordinary incidents of prison life, but says that "the procedural errors present that caused the disciplinary actions are in fact a valid claim."

Quoting from Wolff v. McDonnell, 418 U.S. 539, 557 (1974), Woods states that "it is true that the Constitution itself does not guarantee good time credit for satisfactory behavior while in prison, but here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing in every conceivable case of government impairment of private interests, [citation omitted], but the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment liberty to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated."

The Nebraska laws at issue in Wolff created a liberty interest in a sentence reduction through the operation of good time. Texas laws are quite different and much more restrictive; in Texas, there are no sentence reductions from good time, and the liberty interest created by state law applies only to those prisoners eligible for release on mandatory supervision. Because Woods is not eligible for release on mandatory supervision, the deprivation of good time credits did not deprive him of any protected liberty interest. Evans v. Baker, 442 Fed.Appx. 108, 2011 WL 4376219 (5th Cir., September 20, 2001), *citing* Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002). Without a showing of infringement of a protected liberty interest, Woods cannot obtain habeas corpus relief. This objection is without merit.

Woods also complains that TDCJ regulations and procedures were violated in the course of his disciplinary proceeding, including the alleged destruction of video evidence. The Fifth Circuit has held that violations of TDCJ regulations and procedures do not by themselves rise to the level of a constitutional due process claim. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). Thus, even if Woods is correct that TDCJ rules were violated, this claim does not set out a valid basis for federal habeas corpus relief. His objection on this point is without merit.

Woods similarly complains that the prison officials failed to preserve the videotape of the incident. There is no constitutional right to the preservation of evidence in a prison disciplinary proceeding. *See, e.g.*, Armenta v. Pryor, 2377 Fed.Appx. 413, 2010 WL 1849278 (5th Cir., May 10, 2010) (overruling inmate's complaint that no pictures of the weapon for which he received a disciplinary case were offered into evidence); Diez v. Director, TDCJ-CID, civil action no. 6:05cv116, 2005 WL 2736444 (E.D.Tex., October 24, 2005, no appeal taken) (no constitutional violation in failing to produce alleged contraband at disciplinary hearing). In criminal cases, there is no due process violation for failing to preserve evidence unless bad faith is shown. Illinois v. Fisher, 540 U.S. 544, 547-48 (2004). Woods has not shown that the video tape was destroyed in bad faith. His objection on this ground is without merit.

Next, Woods asserts that the disciplinary hearing officer was a witness to the incident. He explains that he believes the hearing officer, Captain Woodall, watched the incident on camera; however, his only evidence of this is a statement by another unit official, Captain Gipson, that "she [Gipson] and all fellow co-workers reviewed camera evidence." The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Even if Woods showed the deprivation of a constitutionally protected liberty interest, which he has not, this assertion does not show a violation of his due process rights. Woods' claim on this point is without merit.

Similarly, Woods complains that the unit grievance investigator told him that she did not review the camera evidence, but then submitted documentation indicating that she did. Woods does not have a constitutional right to an investigation into his grievance which he considers proper. Cole v. Abbott, 91 Fed.Appx. 936, 2004 WL 388955 (5th Cir., March 3, 1995) (no liberty interest in prison grievance procedure), *citing* Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); Geiger v.

4

Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). His assertion that he has a constitutional right to a fair and impartial investigation into the grievance appeal fails for the same reason. This objection is without merit.

The documents furnished by Woods show that the finding of guilt was based on the officer's report and testimony. This is sufficient evidence upon which to sustain the guilty verdict. Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all.") The Fifth Circuit has explained that an officer's report, by itself, is sufficient to support a finding of guilt. Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001). The district court cannot conduct a *de novo* factual review. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981).

Even if the disciplinary hearing officer's decision to reject Woods' contention that he was simply engaging in "horseplay" was in error, this does not show a due process violation; the Fifth Circuit has stated that in the context of prison disciplinary proceedings, the Constitution requires due process, not error-free decision-making. McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983). Woods has not shown that the punishments imposed in the disciplinary proceeding implicated any constitutionally protected liberty interests, nor that he was denied any process he was due. Consequently, he is not entitled to habeas corpus relief, and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (Docket No. 10) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Elijah Woods is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So ORDERED and SIGNED this 16th day of July, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**